UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

RICARDO HARPER,

                            Plaintiff,

        -against-

THE CITY OF NEW YORK, Detective ADAM DUMELLE, Shield No. 7474, Sergeant DAVID LEONARDI, Shield No. 4982, Police Officer TERRENCE HOWARD, Shield No. 10504, Police Officer JOHN DOE # 3 through 5 in their individual and official capacities as employees of the City of New York,

                            Defendants.

------------------------------------------------------------- X

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

16-0234 (RRM) (RML)

      Plaintiff, RICARDO HARPER, by his attorney, the Rameau Law Firm, Esq., alleges the following, upon information and belief, for this First Amended Complaint:

## INTRODUCTION

      1. This is a civil rights action for money damages brought pursuant to 42U.S.C. §§ 1981, 1983, and 1988, the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, and the common law of the State of New York, against the defendants mentioned above in their individual and official capacities, and against the City of New York.

      2. On October 17, 2014, Defendants Police Officer ADAM DUMELLE, Shield No. 7474, Sergeant DAVID LEONARDI, Shield No. 4982, Police Officer TERRENCE HOWARD, Shield No. 10504, Police Officer JOHN DOE # 3 through 5 (collectively, the "Defendants") unlawfully arrested

Plaintiff without probable cause and then assaulted and seriously injured him, all without any justification or due cause.

3.  Plaintiff seeks compensatory and punitive damages and an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

4.  At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

5.  This action has been commenced within one year and ninety days after the happening of events upon which the claims are based.

## JURISDICTION

6.  This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343. Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. §§ 1331 and 1367. Plaintiff requests that this Court exercise pendent jurisdiction over any state law claims arising out of the same common nucleus of operative facts as Plaintiff's federal claims.

## VENUE

7.  Under 28 U.S.C. § 1391 (b) and (c), venue is proper in the Eastern District of New York.

## PARTIES

8.  Plaintiff RICARDO HARPER was at all material times a resident of the City of New York, New York State, and of proper age to commence this lawsuit.

2

9. Defendant Detective ADAM DUMELLE, Shield No. 7474 was at all relevant times an officer employed by the New York City Department ("N.Y.P.D.") , acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/ or the City of New York, and acting within the scope of his authority and employment. He is named here in his individual official capacities.

10. Defendant Detective Dumelle at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights.

11. Defendant Sergeant DAVID LEONARDI, Shield No. 4982, was at all relevant times an officer employed by the New York City Department ("N.Y.P.D.") , acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/ or the City of New York, and acting within the scope of his authority and employment. He is named here in his individual official capacities.

12. Defendant Sergeant LEONARDI at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights.

13. Defendant Police Officer TERRENCE HOWARD, Shield No. 10504, was at all relevant times an officer employed by the New York City Department ("N.Y.P.D.") , acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State

of New York and/ or the City of New York, and acting within the scope of his authority and employment. He is named here in his individual official capacities.

14. Defendant Police Officer HOWARD at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights

15. Defendants John Doe Three through Five were at all relevant times an officer employed by the N.Y.P.D., acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/ or the City of New York, and acting within the scope of his authority and employment.

16. At all times relevant defendants John Doe Three through Five were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John Doe One through Five.

17. At all times relevant herein, defendants John Doe Three through Five were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John Doe One through Five are sued in their individual and official capacities.

18. At all times relevant herein, defendants John Doe Three through Five either directly participated or failed to intervene in the violation of Plaintiff's rights.

19. At all times relevant herein, all individual defendants were acting

4

under color of state law.

20. The City of New York (hereinafter "The City") is, and was at all material times, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York. The City operates the N.Y.P.D., a department or agency of defendant City responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

21. The City was at all material times the public employer of defendant officers named herein.

22. The City is liable for the defendant officers' individual actions pursuant to the doctrine of "respondeat superior.

## FACTUAL ALLEGATIONS

23. Plaintiff is an African-American male.

24. On or about October 17, 2014, at approximately 6:30 pm, Plaintiff was walking home in the area of Marcy Avenue and Green Avenue. An unmarked police vehicle pulled in from of Plaintiff.

25. Several officers including Detective ADAM DUMELLE, Shield No. 7474, Sergeant DAVID LEONARDI, Shield No. 4982, Police Officer TERRENCE HOWARD, Shield No. 10504 jumped out of the car and told Plaintiff to put his hands up. As Plaintiff complied with the officers' command, defendant DUMELLE accused plaintiff of being in possession of narcotics. Plaintiff denied the accusation.

26. Defendants searched Plaintiff and found no drugs or contraband.

27. Thereafter, one of the defendants grabbed Plaintiff by the neck and began choking Plaintiff, lifting him up and against a fence.

28. Defendant officers were yelling, "Spit it out... you swallowed it!" as Plaintiff grasped for air.

29. The defendants handcuffed Plaintiff and took him to the 79th Precinct.

30. Once at the precinct, defendant DUMELLE strip-searched plaintiff, ordered plaintiff to bend over before inserting his finger inside plaintiff's anus. No contraband was recovered.

31. Undeterred and convinced that Plaintiff swallowed narcotics, the officers sent plaintiff to Woodhull Hospital to have his stomach X-rayed. The X-rays were negative confirming that there were no foreign objects in plaintiff's stomach.

32. Plaintiff was taken back to the precinct where he spent about six additional (6) hours.

33. At the precinct, the defendants falsely informed members of the Kings County District Attorney's Office that they had observed Plaintiff committing various crimes

34. At no point did the Defendants observe Plaintiff committing any crimes or offenses.

35. Ultimately, Plaintiff was taken from the precinct to Brooklyn

Central Booking.

36. On or about December 10, 2014, all charges against Plaintiff were dismissed.

### COUNT ONE
### False Arrest, New York State Tort
### Law Against All Defendants

37. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

38. The Defendants, individually and in concert, arrested, confined, caused the confinement, and/ or continued confinement of Plaintiff without any privilege whatsoever, with the intent to confine, or cause the confinement of, Plaintiff.

39. Plaintiff was conscious of his confinement.

40. Plaintiff did not consent to his confinement.

41. Plaintiff's confinement was not otherwise privileged.

42. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein alleged.

### COUNT TWO
### False Arrest, 42 U.S.C. § 1983
### Against All Defendants

43. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

44. The Police Defendants, individually and in concert, and acting

7

under the color of law, deprived Plaintiff of his rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable searches and seizures and to his liberty by searching, arresting, confining, causing the confinements, and/or continuing the confinements of Plaintiff without any privilege whatsoever.

45. Plaintiff was conscious of his confinements.

46. Plaintiff did not consent to his confinements.

47. The Police Defendants each deprived Plaintiff of his rights intentionally, knowingly, willfully, or recklessly, under color of law.

48. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein alleged.

## COUNT THREE
### Assault and Battery, New York State Tort Law Against All Defendants

49. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

50. The Police Defendants intentionally touched Plaintiff and caused him serious physical injury in the October 2014 incident.

51. The Police Defendants' touching of Plaintiff was harmful and offensive and occurred without legal justification, excuse, or privilege.

52. Plaintiff did not consent to physical contact by any of the Defendants.

53. By virtue of the foregoing, the Police Defendants each deprived Plaintiff of his right under the Fourth Amendment to the United States Constitution to be free from the excessive use of force.

54. The Police Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such unlawful conduct, had a duty to intervene and prevent such unlawful conduct, and knowingly and intentionally failed to intervene.

55. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein alleged.

## COUNT FOUR
### Excessive Use of Force, 42 U.S.C. § 1983
### Against All Defendants

56. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

57. The Defendants intentionally touched Plaintiff for both incidents.

58. The Defendants' touching of Plaintiff involved the use of excessive physical force and caused and/ or exacerbated serious injuries to Plaintiff.

59. Plaintiff did not consent to the excessive physical contact by any of the Defendants, and they lacked legal justification, excuse, or privilege for their conduct.

60. By virtue of the foregoing, the Defendants each deprived Plaintiff

9

of his right under the Fourth Amendment to the United States Constitution to be free from the excessive use of force.

61. The Defendants each deprived Plaintiff of his rights intentionally, willfully, or recklessly, under color of law.

62. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein alleged.

## COUNT FIVE
### Substantive Due Process, U.S.C. § 1983 Against All Defendants

63. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

64. The Defendants each maliciously and sadistically abused their government power in their actions toward Plaintiff.

65. These actions were of a kind likely to, and which in fact did, produce substantial injury to Plaintiff.

66. The Defendants treated Plaintiff in a manner that shocks the conscience.

67. The Defendants thus violated Plaintiff's right to substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution.

68. The Defendants each deprived Plaintiff of his rights intentionally, willfully, or recklessly, under color of law.

69. As a direct and proximate result of the misconduct and abuse

of authority detailed above, Plaintiff sustained the damages herein alleged.

## COUNT SEVEN
## Due Process/ Fair Trial, 42 U.S.C. § 1983 Against Defendants

70. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

71. Defendants deprived Plaintiff of his rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution by manufacturing false evidence through his account that Plaintiff had resisted arrest.

72. Defendants used this false evidence to initiate criminal proceedings against Plaintiff.

73. The State thereafter used this evidence to initial criminal proceedings against Plaintiff.

74. As a result, Plaintiff was deprived of his liberty.

75. Defendants deprived Plaintiff of his rights intentionally, willfully, or recklessly, under color of law.

76. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein alleged.

## COUNT EIGHT
### *Respondeat Superior*
### Liability Against the City of New York

77. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

78. The aforementioned conduct of the Defendants occurred while they were on duty and was within the scope of their authority as officers.

79. Thus, Defendant City of New York is liable to Plaintiff for his damages under the doctrine of *respond eat superior* for the actions of the officers in the October 2014 arrest.

## COUNT NINE
### Negligent Hiring/Training/ Retention of Employment Services Against Defendant City

80. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

81. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

82. Upon information and belief, all of the Individual Defendants were unfit and incompetent for their positions.

83. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the Individual

Defendants were potentially dangerous.

84. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

85. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## COUNT EIGHT
### Failure to Intervene
### Against Individual Defendants

86. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

87. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

88. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

89. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests that this Court:

(a) Award compensatory damages against the defendants, jointly and severally;

(b) Award punitive damages against the individual defendants, jointly and severally;

(c) Award costs of this action to the plaintiff;

(d) Award reasonable attorneys' fees and costs to the plaintiff pursuant to 28 U.S.C. § 1988;

(e) Such other and further relief as this Court deems just and proper

## JURY DEMAND

Plaintiff hereby demands a jury trial.

Dated:   Brooklyn, New York
         January 3, 2017

*[signature]*
Afsaan Saleem, Esq.

The Rameau Law Firm
16 Court St, Suite 2504
Brooklyn, NY 11241
Phone: (718) 852-4759
rameaulawny@gmail.com
saleemlawny@gmail.com